Opinion of the Court, by
Judge Owsley.
THE grand jurors for the Logan circuit court, at the April term 1811, presented Caldwell, surveyor of a public road, for not keeping the road in repair, thirty feet wide, clear and smooth as the law directs. On the trial of the presentment, Caldwell objected to being used as evidence against him, the following order of the county court of Logan county, to wit:
“Logan county, sct. November county court, 1810. Ordered, that David Caldwell be appointed surveyor of the road beginning at the east end of Main Cross street, and running with the course of said street half a mile out, and he, together with all the hands in the town of Russellville, to open and keep the same in repair, 60 feet wide, according to law.”
The objection was sustained by the court, and judgment rendered in favor of Caldwell; from which judgment this writ of error has been prosecuted.
Whether the circuit court decided correctly in sustaining the objection to the admission of the order of the county court, is the only question in this cause. It certainly devolved upon the Commonwealth, on the trial of the presentment, to prove that Caldwell was surveyor of the road; and for that purpose the order should have been admitted in evidence. That branch of the order which directs Caldwell to open the road 60 feet, cannot affect his appointment as surveyor; and it is conceived, in a prosecution against him for not keeping the road in repair, at least 30 feet wide, cannot protect him. It is not an indispensable requisite, on the establishment of a road, or the appointment of a surveyor, that the *169 order should contain directions as to the width which the road is to be opened; for unless otherwise expressly ordered by the court, the road should be opened at least 30 feet, by operation of law. The width which roads should be opened, being fixed by law, unless in cases where the court are authorised, and do adopt a different rule; in such cases, should the court exceed their power, in ordering the road to be opened wider than the law allows, it cannot affect the duties and responsibilities which are incumbent on the surveyor by operation of law. We think, therefore, that the court below erred in refusing to permit the order of the county court to be used in evidence.
Judgment reversed.